No. 9660.

PEIRCE v. BEYER.

OUTBUILDINGS—*Garage.*   A garage is not an outhouse within the
meaning of a condition in the conveyance of a city lot, that
"All stables and outbuildings shall be placed at the rear of
the lot."

*Error to Denver District Court, Hon. Francis L. Bouck,
Judge.*

*Department One.*

Mr. S. E. MARSHALL and Mr. H. E. LUTHE, for plaintiff
in error.

Mr. W. L. BOATRIGHT and CLIFFORD W. MILLS, for de-
fendant in error.

Opinion by Mr. Justice Teller.

THE parties to this action were owners of adjoining lots,
holding under deeds containing the restriction that "all
stables and outbuildings shall be placed at the rear of the
lots."

Plaintiff in error was proceeding to erect a one story
brick garage at the rear of his house, using a portion of the
rear wall thereof as a part of one of the walls of the garage.
The garage extended to within a few inches of the lot line
between the lots of the parties, and within three feet and
eight inches of the sleeping porch of defendant in error.

The latter secured a permanent injunction against the
erection of said garage, the District Court holding that it
was an outbuilding within the meaning of said restrictive
clause.

It was shown in evidence that the construction of garages
as a part of residence buildings is not uncommon, and that
this garage was to be architecturally in harmony with the
house of which it was made a part.

We cannot agree with the District Court that such a con-
struction is an outhouse within the meaning of said re-

striction. No objection is made to the use to which the room is to be put, and we see no more reason for calling it an outhouse than for so designating it if it were to be used as a kitchen or bedroom.

The judgment is accordingly reversed with directions to dismiss the suit.

Judgment reversed.

Chief Justice Garrigues and Mr. Justice Burke concur.